## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK S. ZAID, ESQ.<br><br>Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT et al.<br><br>Defendants. | Civil Action No. 1:25-cv-01365 |

### **DECLARATION OF MARC POLYMEROPOLOUS**[1]

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge and in support of the Plaintiff Mark S. Zaid's Motion for a Preliminary Injunction.

### I. Personal and Factual Background

2. I retired in June 2019 from the CIA's Senior Intelligence Service rank after a 26-year career in operational headquarters and field management assignments covering the Middle East, Europe, Eurasia, and Counter Terrorism. I served extensively in several conflict zones and received the Distinguished Career Intelligence Medal, the Distinguished Intelligence Medal, the Intelligence Medal of Merit, and the Intelligence Commendation Medal. My last position prior to retirement was overseeing CIA's clandestine operations in Europe and Eurasia.

3. Since 2021, I have served as a nonresident senior fellow at the Atlantic Council and am a regular media commentator on foreign policy and intelligence matters, including as a national

---

[1] Due to my status as a former Senior Intelligence Officer with the CIA, this Declaration was submitted for pre-publication review on May 15, 2025, and it was cleared for public release on May 19, 2025.

security contributor for MSNBC.  In June 2021, I authored a book, *Clarity in Crisis: Leadership Lessons from the CIA*, published by Harper Collins.

4. During my tenure at the CIA, as part of field assignments and operations, I spent significant time in various countries around the world.

5. During one particular trip to Russia in December 2017, while on CIA assignment, I experienced an "Anomalous Health Incident" or "AHI"—colloquially referred to in the media as "Havana Syndrome."  AHIs are unexplained health issues and events that have been experienced by a growing number of federal employees and their families, particularly within the Intelligence Community, and generally involve a sudden onset of debilitating symptoms, including severe headaches, loss of balance and reduced cognitive function.  After experiencing this mysterious health event during my trip to Russia, I endured eighteen months of constant headaches and other debilitating symptoms that ultimately caused my premature retirement from the CIA in 2019.

6. Since my retirement, I have been an outspoken advocate for AHI victims. I have provided classified information to both the Senate and House Intelligence Committees, as well as given countless media interviews (all of an unclassified nature) on the subject.  I went public—and was the first CIA AHI victim to do so—when I was featured in an October 19, 2020, article by GQ entitled "The Mystery of the Immaculate Concussion," which is available at: *https://www.gq.com/story/cia-investigation-and-russian-microwave-attacks*.  More than one thousand American government employees (as well as their family members) serving ▮▮▮▮▮ ▮▮▮▮▮ around the world, and even here in the United States, have reported being victimized by an AHI.  I personally know many AHI victims, especially from within CIA, including a number of whom are Mr. Zaid's clients.

7. The issue has spawned congressional investigations, lawsuits and intense advocacy efforts. Reports of AHIs impacting US officials have been publicly reported in, among other places, Cuba, China, Russia, Austria, India, Vietnam, the United Kingdom, Colombia and even near the White House in Washington, D.C., as well as elsewhere within the United States. Many people hold the view that the Intelligence Community, and notably CIA, is covering up the truth surrounding the perpetrator(s) of AHIs. Much of the evidence concerning AHIs remains classified, and purposefully so that it prevents most people, including private attorneys, from being able to lawfully access the information.

8. Mr. Zaid has represented victims of AHIs, including current and former government employees as well as lawful whistleblowers, for more than a decade. His reputation in this area precedes him, and that is why I, like many other current and former government employees, specifically sought him out for legal assistance on this matter.

## II. Retention of Mr. Zaid As My Legal Counsel

9. As a victim of an AHI, I have been highly critical of the U.S. government and particularly CIA's handling and investigation of AHIs.

10. I retained Mr. Zaid in September 2020, to help me on all matters related to my AHI, and especially to navigate through CIA's bureaucracy to ensure I received proper healthcare treatment. We have an agreement as to financial compensation in exchange for these services. I was aware at the time I retained Mr. Zaid that he held a security clearance and that there might be opportunities for him to rely upon that privilege to help pursue and further my interests, as well as those of other AHI victims who he represented. Mr. Zaid's authorized access to classified information was a significant factor in my retaining him as my legal counsel, and I and his other clients have greatly benefited from this fact.

11. In January 2021, amid public scrutiny and pressure, which without a doubt involved Mr. Zaid's efforts, CIA agreed to send me to Walter Reed Medical Center, in Washington, D.C., to receive treatment for my AHI injuries. I continue to receive medical treatment care of the U.S. government to this day.

12. Mr. Zaid has continued to represent me in all matters relating to my AHI through the present day. I credit Mr. Zaid with helping save my life, as my medical condition had deteriorated significantly prior to gaining entry to Walter Reed's Traumatic Brain Injury program.

13. I have personal knowledge that during nearly the entirety of his representation of my interests—until the recent Presidential Memorandum—Mr. Zaid possessed a Top Secret clearance. I am personally aware that Mr. Zaid has actively relied upon and utilized his security clearance on behalf of myself and other AHI victims, particularly for purposes of participating in classified meetings with staff of the Senate Select Committee on Intelligence and House Permanent Committee on Intelligence. Mr. Zaid has especially represented whistleblowers on the matter of AHIs in classified settings.

14. This includes the circumstances of the client identified as John Doe-1, who I know to be the individual whose classified whistleblower complaint, which Mr. Zaid has had authorized access to, is the subject of litigation being handled by Mr. Zaid in *JMP et al. v. ODNI*, Civil Action No. 23-cv-03457-APM (D.D.C.). Because many of the AHI victims and the circumstances that led to the incidents are believed to be related, each of these opportunities for Mr. Zaid to rely upon his security clearance served as a clear benefit to me, specifically, and generally to all of his AHI clients.

15. I have reviewed the Complaint filed in this matter, and I am aware that the Department of Defense and CIA have revoked Mr. Zaid's security clearance, and that the Office of the Director of National Intelligence has prohibited Mr. Zaid from again reviewing the classified

whistleblower complaint referenced in the above paragraph. In reading CIA's revocation letter dated April 9, 2025, it is clear to me that Mr. Zaid is being targeted so as to prevent him from making use of classified information, which he previously already had authorized access to, pertaining to AHI cases that has been relied upon to directly benefit my representation.

16. The blanket revocation of Mr. Zaid's security clearance by Presidential Memorandum functionally and effectively prevents him from zealously representing me, as well as other AHI victims, in federal courts, in matters before Congress, and before federal agencies because our representation requires him to have classified access.

17. Mr. Zaid's loss of his security clearance, without any particularized reason or justification or ability to challenge the revocation, has deprived me of his unique qualifications and expertise, and of my choice of counsel. There is no other attorney I trust who has the type of expertise on AHI matters, let alone holding authorized access to classified information, besides Mr. Zaid.

I do solemnly affirm under the penalties of perjury that the contents of the foregoing are true to the best of my knowledge.

Dated: May 16, 2025

_____
Marc Polymeropoulos