# EXHIBIT 11

**Federal Register**

Vol. 73, No. 128

Wednesday, July 2, 2008

**Presidential Documents**

Title 3—

**The President**

Executive Order 13467 of June 30, 2008

Reforming Processes Related to Suitability for Government Employment, Fitness for Contractor Employees, and Eligibility for Access to Classified National Security Information

By the authority vested in me as President by the Constitution and the laws of the United States of America, and in order to ensure an efficient, practical, reciprocal, and aligned system for investigating and determining suitability for Government employment, contractor employee fitness, and eligibility for access to classified information, while taking appropriate account of title III of Public Law 108–458, it is hereby ordered as follows:

PART 1—POLICY, APPLICABILITY, AND DEFINITIONS

**Section 1.1.** *Policy.* Executive branch policies and procedures relating to suitability, contractor employee fitness, eligibility to hold a sensitive position, access to federally controlled facilities and information systems, and eligibility for access to classified information shall be aligned using consistent standards to the extent possible, provide for reciprocal recognition, and shall ensure cost-effective, timely,and efficient protection of the national interest, while providing fair treatment to those upon whom the Federal Government relies to conduct our Nation's business and protect national security.

**Sec. 1.2.** *Applicability.* (a) This order applies to all covered individuals as defined in section 1.3(g), except that:

  (i) the provisions regarding eligibility for physical access to federally controlled facilities and logical access to federally controlled information systems do not apply to individuals exempted in accordance with guidance pursuant to the Federal Information Security Management Act (title III of Public Law 107–347) and Homeland Security Presidential Directive 12; and

  (ii) the qualification standards for enlistment, appointment, and induction into the Armed Forces pursuant to title 10, United States Code, are unaffected by this order.

(b) This order also applies to investigations and determinations of eligibility for access to classified information for employees of agencies working in or for the legislative or judicial branches when those investigations or determinations are conducted by the executive branch.**Sec. 1.3.** *Definitions.* For the purpose of this order: (a) "Adjudication" means the evaluation of pertinent data in a background investigation, as well as any other available information that is relevant and reliable, to determine whether a covered individual is:

  (i) suitable for Government employment;

  (ii) eligible for logical and physical access;

  (iii) eligible for access to classified information;

  (iv) eligible to hold a sensitive position; or

  (v) fit to perform work for or on behalf of the Government as a contractor employee.

(b) "Agency" means any "Executive agency" as defined in section 105 of title 5, United States Code, including the "military departments," as defined in section 102 of title 5, United States Code, and any other entity

within the executive branch that comes into possession of classified information or has designated positions as sensitive, except such an entity headed by an officer who is not a covered individual.

(c) "Classified information" means information that has been determined pursuant to Executive Order 12958 of April 17, 1995, as amended, or a successor or predecessor order, or the Atomic Energy Act of 1954 (42 U.S.C. 2011 *et seq.*) to require protection against unauthorized disclosure.

(d) "Continuous evaluation" means reviewing the background of an individual who has been determined to be eligible for access to classified information (including additional or new checks of commercial databases, Government databases, and other information lawfully available to security officials) at any time during the period of eligibility to determine whether that individual continues to meet the requirements for eligibility for access to classified information.

(e) "Contractor" means an expert or consultant (not appointed under section 3109 of title 5, United States Code) to an agency; an industrial or commercial contractor, licensee, certificate holder, or grantee of any agency, including all subcontractors; a personal services contractor; or any other category of person who performs work for or on behalf of an agency (but not a Federal employee).

(f) "Contractor employee fitness" means fitness based on character and conduct for work for or on behalf of the Government as a contractor employee.

(g) "Covered individual" means a person who performs work for or on behalf of the executive branch, or who seeks to perform work for or on behalf of the executive branch, but does not include:

   (i) the President or (except to the extent otherwise directed by the President) employees of the President under section 105 or 107 of title 3, United States Code; or

   (ii) the Vice President or (except to the extent otherwise directed by the Vice President) employees of the Vice President under section 106 of title 3 or annual legislative branch appropriations acts.

(h) "End-to-end automation" means an executive branch-wide federated system that uses automation to manage and monitor cases and maintain relevant documentation of the application (but not an employment application), investigation, adjudication, and continuous evaluation processes.

   (i) "Federally controlled facilities" and "federally controlled information systems" have the meanings prescribed in guidance pursuant to the Federal Information Security Management Act (title III of Public Law 107–347) and Homeland Security Presidential Directive 12.

(j) "Logical and physical access" means access other than occasional or intermittent access to federally controlled facilities or information systems.

(k) "Sensitive position" means any position so designated under Executive Order 10450 of April 27, 1953, as amended.

(l) "Suitability" has the meaning and coverage provided in 5 CFR Part 731.

PART 2—ALIGNMENT, RECIPROCITY, AND GOVERNANCE

**Sec. 2.1.** *Aligned System.* (a) Investigations and adjudications of covered individuals who require a determination of suitability, eligibility for logical and physical access, eligibility to hold a sensitive position, eligibility for access to classified information, and, as appropriate, contractor employee fitness, shall be aligned using consistent standards to the extent possible. Each successively higher level of investigation and adjudication shall build upon, but not duplicate, the ones below it.

(b) The aligned system shall employ updated and consistent standards and methods, enable innovations with enterprise information technology capabilities and end-to-end automation to the extent practicable, and ensure that relevant information maintained by agencies can be accessed and shared

rapidly across the executive branch, while protecting national security, protecting privacy-related information, ensuring resulting decisions are in the national interest, and providing the Federal Government with an effective workforce.

(c) Except as otherwise authorized by law, background investigations and adjudications shall be mutually and reciprocally accepted by all agencies. An agency may not establish additional investigative or adjudicative requirements (other than requirements for the conduct of a polygraph examination consistent with law, directive, or regulation) that exceed the requirements for suitability, contractor employee fitness, eligibility for logical or physical access, eligibility to hold a sensitive position, or eligibility for access to classified information without the approval of the Suitability Executive Agent or Security Executive Agent, as appropriate, and provided that approval to establish additional requirements shall be limited to circumstances where additional requirements are necessary to address significant needs unique to the agency involved or to protect national security.

**Sec. 2.2.** *Establishment and Functions of Performance Accountability Council.* (a) There is hereby established a Suitability and Security Clearance Performance Accountability Council (Council).

(b) The Deputy Director for Management, Office of Management and Budget, shall serve as Chair of the Council and shall have authority, direction, and control over the Council's functions. Membership on the Council shall include the Suitability Executive Agent and the Security Executive Agent. The Chair shall select a Vice Chair to act in the Chair's absence. The Chair shall have authority to designate officials from additional agencies who shall serve as members of the Council. Council membership shall be limited to Federal Government employees and shall include suitability and security professionals.

(c) The Council shall be accountable to the President to achieve, consistent with this order, the goals of reform, and is responsible for driving implementation of the reform effort, ensuring accountability by agencies, ensuring the Suitability Executive Agent and the Security Executive Agent align their respective processes, and sustaining reform momentum.

(d) The Council shall:

  (i) ensure alignment of suitability, security, and, as appropriate, contractor employee fitness investigative and adjudicative processes;

  (ii) hold agencies accountable for the implementation of suitability, security, and, as appropriate, contractor employee fitness processes and procedures;

  (iii) establish requirements for enterprise information technology;

  (iv) establish annual goals and progress metrics and prepare annual reports on results;

  (v) ensure and oversee the development of tools and techniques for enhancing background investigations and the making of eligibility determinations;

  (vi) arbitrate disparities in procedures between the Suitability Executive Agent and the Security Executive Agent;

  (vii) ensure sharing of best practices; and

  (viii) advise the Suitability Executive Agent and the Security Executive Agent on policies affecting the alignment of investigations and adjudications.

(e) The Chair may, to ensure the effective implementation of the policy set forth in section 1.1 of this order and to the extent consistent with law, assign, in whole or in part, to the head of any agency (solely or jointly) any function within the Council's responsibility relating to alignment and improvement of investigations and determinations of suitability, contractor employee fitness, eligibility for logical and physical access, eligibility for access to classified information, or eligibility to hold a sensitive position.

**Sec. 2.3.** *Establishment, Designation, and Functions of Executive Agents.* (a) There is hereby established a Suitability Executive Agent and a Security Executive Agent.

(b) The Director of the Office of Personnel Management shall serve as the Suitability Executive Agent. As the Suitability Executive Agent, the Director of the Office of Personnel Management will continue to be responsible for developing and implementing uniform and consistent policies and procedures to ensure the effective, efficient, and timely completion of investigations and adjudications relating to determinations of suitability and eligibility for logical and physical access.

(c) The Director of National Intelligence shall serve as the Security Executive Agent. The Security Executive Agent:

  (i) shall direct the oversight of investigations and determinations of eligibility for access to classified information or eligibility to hold a sensitive position made by any agency;

  (ii) shall be responsible for developing uniform and consistent policies and procedures to ensure the effective, efficient, and timely completion of investigations and adjudications relating to determinations of eligibility for access to classified information or eligibility to hold a sensitive position;

  (iii) may issue guidelines and instructions to the heads of agencies to ensure appropriate uniformity, centralization, efficiency, effectiveness, and timeliness in processes relating to determinations by agencies of eligibility for access to classified information or eligibility to hold a sensitive position;

  (iv) shall serve as the final authority to designate an agency or agencies to conduct investigations of persons who are proposed for access to classified information to ascertain whether such persons satisfy the criteria for obtaining and retaining access to classified information or eligibility to hold a sensitive position;

  (v) shall serve as the final authority to designate an agency or agencies to determine eligibility for access to classified information in accordance with Executive Order 12968 of August 2, 1995;

  (vi) shall ensure reciprocal recognition of eligibility for access to classified information among the agencies, including acting as the final authority to arbitrate and resolve disputes among the agencies involving the reciprocity of investigations and determinations of eligibility for access to classified information or eligibility to hold a sensitive position; and

  (vii) may assign, in whole or in part, to the head of any agency (solely or jointly) any of the functions detailed in (i) through (vi), above, with the agency's exercise of such assigned functions to be subject to the Security Executive Agent's oversight and with such terms and conditions (including approval by the Security Executive Agent) as the Security Executive Agent determines appropriate.

(d) Nothing in this order shall be construed in a manner that would limit the authorities of the Director of the Office of Personnel Management or the Director of National Intelligence under law.

**Sec. 2.4.** *Additional Functions.* (a) The duties assigned to the Security Policy Board by Executive Order 12968 of August 2, 1995, to consider, coordinate, and recommend policy directives for executive branch security policies, procedures, and practices are reassigned to the Security Executive Agent.

(b) Heads of agencies shall:

  (i) carry out any function assigned to the agency head by the Chair, and shall assist the Chair, the Council, the Suitability Executive Agent, and the Security Executive Agent in carrying out any function under sections 2.2 and 2.3 of this order;

  (ii) implement any policy or procedure developed pursuant to this order;

  (iii) to the extent permitted by law, make available to the Performance Accountability Council, the Suitability Executive Agent, or the Security

Executive Agent such information as may be requested to implement this order;

(iv) ensure that all actions taken under this order take account of the counterintelligence interests of the United States, as appropriate; and

(v) ensure that actions taken under this order are consistent with the President's constitutional authority to:
   (A) conduct the foreign affairs of the United States;
   (B) withhold information the disclosure of which could impair the foreign relations, the national security, the deliberative processes of the Executive, or the performance of the Executive's constitutional duties;
   (C) recommend for congressional consideration such measures as the President may judge necessary or expedient; and
   (D) supervise the unitary executive branch.

PART 3—MISCELLANEOUS

**Sec. 3.** *General Provisions.* (a) Executive Order 13381 of June 27, 2005, as amended, is revoked. Nothing in this order shall:

(i) supersede, impede, or otherwise affect:
   (A) Executive Order 10450 of April 27, 1953, as amended;
   (B) Executive Order 10577 of November 23, 1954, as amended;
   (C) Executive Order 12333 of December 4, 1981, as amended;
   (D) Executive Order 12829 of January 6, 1993, as amended; or
   (E) Executive Order 12958 of April 17, 1995, as amended; nor

(ii) diminish or otherwise affect the denial and revocation procedures provided to individuals covered by Executive Order 10865 of February 20, 1960, as amended.

(b) Executive Order 12968 of August 2, 1995 is amended:

(i) by inserting: "**Sec. 3.5.** *Continuous Evaluation.* An individual who has been determined to be eligible for or who currently has access to classified information shall be subject to continuous evaluation under standards (including, but not limited to, the frequency of such evaluation) as determined by the Director of National Intelligence."; and

(ii) by striking "the Security Policy Board shall make recommendations to the President through the Assistant to the President for National Security Affairs" in section 6.3(a) and inserting in lieu thereof "the Director of National Intelligence shall serve as the final authority";

(iii) by striking "Security Policy Board" and inserting in lieu thereof "Security Executive Agent" in each instance;

(iv) by striking "the Board" in section 1.1(j) and inserting in lieu thereof "the Security Executive Agent"; and

(v) by inserting "or appropriate automated procedures" in section 3.1(b) after "by appropriately trained adjudicative personnel".

(c) Nothing in this order shall supersede, impede, or otherwise affect the remainder of Executive Order 12968 of August 2, 1995, as amended.

(d) Executive Order 12171 of November 19, 1979, as amended, is further amended by striking "The Center for Federal Investigative Services" in section 1–216 and inserting in lieu thereof "The Federal Investigative Services Division."

(e) Nothing in this order shall be construed to impair or otherwise affect the:

(i) authority granted by law to a department or agency, or the head thereof; or

(ii) functions of the Director of the Office of Management and Budget relating to budget, administrative, or legislative proposals.

(f) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(g) Existing delegations of authority made pursuant to Executive Order 13381 of June 27, 2005, as amended, to any agency relating to granting eligibility for access to classified information and conducting investigations shall 13 remain in effect, subject to the exercise of authorities pursuant to this order to revise or revoke such delegation.

(h) If any provision of this order or the application of such provision is held to be invalid, the remainder of this order shall not be affected.

(i) This order is intended only to improve the internal management of the executive branch and is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity, by any party against the United States, its agencies, instrumentalities, or entities, its officers or employees, or any other person.

THE WHITE HOUSE,
*June 30, 2008.*

[FR Doc. 08–1409
Filed 7–1–08; 11:00 am]
Billing code 3195–W8–P