# EXHIBIT 13

ICPG 704.3

# INTELLIGENCE COMMUNITY POLICY GUIDANCE
## NUMBER 704.3



DENIAL OR REVOCATION OF ACCESS TO SENSITIVE COMPARTMENTED
INFORMATION, OTHER CONTROLLED ACCESS PROGRAM INFORMATION,
AND APPEALS PROCESSES

(EFFECTIVE: 02 OCTOBER 2008)

---

**A. AUTHORITY:** The National Security Act of 1947, as amended; the Counterintelligence Enhancement Act of 2002, as amended; Executive Order (EO) 12333, as amended; EO 13355; EO 12968, and other applicable provisions of law.

**B. APPLICABILITY:** This directive applies to the Intelligence Community (IC), as defined by the National Security Act of 1947, as amended, and other departments or agencies that may be designated by the President, or designated jointly by the Director of National Intelligence (DNI), and the head of the department or agency concerned, as an element of the IC or those government entities designated to determine eligibility for Sensitive Compartmented Information (SCI) access.

**C. SCOPE:** Determinations regarding eligibility for initial or continued access shall be made in accordance with Intelligence Community Directive (ICD) 704, Personnel Security Standards and Procedures Governing Eligibility for Access to Sensitive Compartmented Information and other Controlled Access Program Information. Subjects who have been considered for and denied initial or continued access to SCI and other controlled access programs pursuant to the provisions of ICD 704 shall, to the extent provided herein, be afforded an opportunity to appeal the denial or revocation of such access.

**D. PROCESS**

  1. Subjects whose access has been denied or revoked shall be provided with the following:

   a. A comprehensive written explanation of the basis for the denial or revocation as the national security interests of the United States and other applicable laws permit;

   b. An explanation of the right to be represented by counsel or other representative at their own expense; to request any documents, records or reports upon which the denial or revocation is

based; and to request the entire investigative file as permitted by the national security and applicable law;

    c. Any documents, records and reports upon which a denial or revocation is based to be provided within thirty (30) days of request and to the extent they would be provided if requested under applicable law, to include the Freedom of Information Act (5 U.S.C. 552) or the Privacy Act (5 U.S.C. 552a);

    d. An opportunity to respond, in writing, within forty-five (45) days of receipt of relevant documentation to request a review of the determination;

    e. Written notice of and reasons for the results of the review, the identity of the deciding authority in accordance with operational requirements, and written notice of the right to appeal;

    f. An opportunity to appeal to the Head of their IC Element, who may either make a final determination himself, or appoint a high-level panel which shall be comprised of at least three members, two of whom shall be selected from outside the security arena. Recommendations of the panel shall be complete and in writing. Nothing in this document shall prohibit a Head of an IC Element from personally exercising the appeal authority based upon recommendations from an appeals panel. In such case, the decision of the Head of an IC Element shall be final; and

    g. An opportunity to appear personally before an adjudicative or other authority, other than the investigating entity, as determined by the Head of an IC Element, to present relevant documents, materials, and information. A written summary or recording of such an appearance shall be made a permanent part of the subject's security record. The decision of any appeal panel shall be made a permanent part of the subject's security record.

    2. When the Head of an IC Element, or designee, personally certifies that a procedure set forth herein cannot be made available without damaging national security interests, the particular procedure shall not be made available. This certification shall be conclusive. Should it be determined that the appeal procedures prescribed in this Policy Guidance cannot be invoked in a manner that is consistent with the national security, the individual may be denied an appeal.

    3. The DNI or Principal Deputy DNI, in consultation with the relevant agency head, may take any lawful action(s) regarding a subject's access to SCI or other controlled access program information without regard to the provisions of this or any other regulation or directive.

    5. This document does not create or confer on any person or entity any right to administrative or judicial review of these procedures, their implementation, or decisions or actions rendered there under. Nor does it create or confer any right, benefit, or privilege, whether substantive or procedural, for access to classified national intelligence or create or confer any substantive or procedural right, benefit, or privilege enforceable by any party against the United States or any agency, department, or instrumentality of the executive branch, its officers or employees, for any other person.

**E. EFFECTIVE DATE:** This ICPG is effective on the date of signature.

_____      __October 2, 2008__
Deputy Director of National Intelligence for     Date
Policy, Plans and Requirements

ICPG 704.3

## APPENDIX A – ACRONYMS

**ICPG 704.3 -- DENIAL OR REVOCATION OF ACCESS TO SENSITIVE COMPARTMENTED INFORMATION, OTHER CONTROLLED ACCESS PROGRAM INFORMATION, AND APPEALS PROCESSES**

| | |
|---|---|
| DNI | Director of National Intelligence |
| EO | Executive Order |
| IC | Intelligence Community |
| ICD | Intelligence Community Directive |
| SCI | Sensitive Compartmented Information |
| ICPG | Intelligence Community Policy Guidance |