UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK S. ZAID,                        )
                                     )
            Plaintiff,               )
                                     )
        vs.                          )  CASE NO. 1:25-cv-01365-AHA
                                     )
EXECUTIVE OFFICE OF THE              )
PRESIDENT, et al.,                   )
                                     )
            Defendants.              )
_____     )


TRANSCRIPT OF STATUS CONFERENCE
**BEFORE THE HONORABLE AMIR H. ALI, DISTRICT JUDGE**
Wednesday - January 7, 2026
4:03 p.m. - 4:22 p.m.
Washington, DC

**FOR THE PLAINTIFF:**
Lowell & Associates, PLLC
BY:  ABBE DAVID LOWELL and DAVID A. KOLANSKY
1250 H Street, NW, Suite 250
Washington, DC 20005

Koskoff, Koskoff & Bieder, P.C.
BY:  MARGARET DONOVAN
350 Fairfield Avenue
Bridgeport, Connecticut 06604

Democracy Defenders Fund
BY:  JOSHUA GABRIEL KOLB
600 Pennsylvania Avenue, SE, Suite 15180
Washington, DC 20003

_____
**SONJA L. REEVES**
**Registered Diplomate Reporter**
**Certified Realtime Reporter**
**Federal Official Court Reporter**
333 Constitution Avenue, NW
Washington, DC 20001
Transcript Produced from the Stenographic Record

**FOR THE DEFENDANTS:**
      United States Department of Justice
      BY:   ABHISHEK KAMBLI and MICHAEL K. VELCHIK
      950 Pennsylvania Avenue, NW
      Washington, DC 20530

(Call to Order of the Court at 4:03 p.m.)

DEPUTY CLERK:  This is Civil Action 25-1365, *Mark Zaid versus the Executive Office of the President, et al.*

May I have counsel approach the lectern and state your appearance for the record, beginning with plaintiff's counsel.

MR. LOWELL:  Good afternoon.  This is Abbe Lowell and David Kolansky of Lowell & Associates, and Margaret Donovan of the Koskoff firm on behalf of the plaintiff, Mark Zaid, who is here at the table.  And Josh Kolb of Democracy Defenders.

THE COURT:  Good afternoon, Mr. Lowell.  Good afternoon to all of you.  Good afternoon, Mr. Zaid.  I always say whenever a party is in the room, you're more than welcome, as you know, to attend proceedings, and that goes for all clients.

MR. KAMBLI:  Good afternoon, Your Honor.  Abhishek Kambli and Michael Velchik for all the defendants.

THE COURT:  Good afternoon to both of you as well.  We're here on a status conference, which may be brief.  Famous last words some might say.

You all have my preliminary injunction decision, and you have had it for a couple weeks at this point.

Just give me a moment.  Let me kind of set the table and tell you where I understand things are, and then I'm obviously interested in hearing what the parties have come to.

I set the date of the injunction off by 21 days to

give the government the time to make a decision and also for us to air out any issues that might come out in advance.

I have the government's status report. I understand that it plans to appeal and has filed its notice of appeal. My focus is on the next steps before this Court, particularly as it relates to further litigation and anything related to the injunction itself.

I imagine the latter itself is relatively straightforward, given, at least as I understand it, the government has been complying with several similar injunctions in the law firm cases, and I haven't seen any kind of practical concerns raised in this case in the status reports.

As to litigation, I did see the government requested that the Court hold the case in abeyance pending appeal. I understand that to be a proposal to hold the case in abeyance as it relates to litigation deadlines, responsive pleadings, perhaps meet and confer report. I want to hear the parties' views on that. I know you will have conferred on that.

One thing I wanted to put out there and give the parties notice of, we had had, I think, a prior request from plaintiff's counsel at some point to move ahead to just judgment on the merits. And the issue has come up in the teleconference we had in October, and I think it came up in the original PI hearing as to what discovery there even is in this case, and I think both parties have kind of said there isn't

any.  Plaintiffs saying that at the original PI hearing and defendants saying that, I think, in the teleconference.  I understand the defendants' position was that we should move past the PI since it had been briefed at that point, and that's how plaintiff proceeded.

I do think it might be helpful to hear the parties' positions on just moving to the merits, and perhaps that would be a cleaner way to proceed, and, if so, what type of briefing the parties would want on that.

Maybe another way to put it is what are we holding in abeyance?  Theoretically, it's discovery, but if neither party thinks it's needed, what are we holding in abeyance?

With all that on the table, I asked the parties to confer on next steps.  Mr. Lowell, it looked like you were ready to come up first.  I don't know if you all had a plan.

MR. LOWELL:  We did what Your Honor asked us to do.  We conferred with the government on a few topics, all of which you have put into your order.

Let me start with the first one, which you just ended with.  The issue of abeyance really depends, and we're still fleshing this out, on, as you just said, what does abeyance mean?  And so there are potential pieces of abeyance.

One would be, is there going to be any claim that needs discovery, and, if so, would that be in abeyance?  And the second is should we move to the final judgment?

We theoretically told the government we didn't have a problem with abeyance defined in the following way:  One, we may want to amend the complaint to add a cause, and, if that's the case, that doesn't have to be part of abeyance because nothing necessarily has to happen.

THE COURT:  Is that the Privacy Act cause that was referred to?

MR. LOWELL:  Yes.  So it might be that.

Secondly, in terms of then discovery, that might involve discovery, but we don't necessarily have to start that.

And then the third piece is whether we would move to a judgment, but I want to not answer the third part until we decide about whether we're going to seek to amend.  If we were, then the question would become whether or not there can still be -- move forward on the final judgment.

If the government's preference is, yes, it doesn't include the amendment, but we don't want to proceed on discovery while the case is pending on appeal, and, therefore, we don't want to see whether or not there should be briefing on a motion for summary judgment, we could probably say okay to that.

That dovetails over to the next issue, which was your second piece, which is, to use your phrase, how is the injunction going to be in effect.  You gave them 21 days, which, by my math, is over on Tuesday, the 13th, I think.

Today in our conference they told us that they were going to, quote, "obey the injunction."  I asked them what that meant, and they answered that they were going to obey the injunction, to which I said, "What does that mean?"

Coming to the podium, counsel for the government said, because I asked them on the phone, I said, "Generally, an injunction restores a party to the status quo ante.  Status quo ante here is that Mr. Zaid has his security clearances intact, restored, et cetera, and that he can go about his business of representing his clients, one of whom needs him in this coming week.

Coming in they said they will do that.  It's a question of how to do it with the agencies involved.  I would like a little clarification from the Court as to what that entails and whether it will happen before the 13th, as your order says, because then it kind of depends on what else has to happen in this courtroom if they are saying there is something that I'm not following.

My understanding may be, and this is something I would also ask the Court to inquire about, if possible, is whether they are saying that what we're doing here is we're going to restore the status quo, but we're immediately taking up the idea that we are pondering with our agency clients to now begin a process to either suspend or to seek the revocation of Mr. Zaid's clearance for some other reason that they didn't

have the first time and they didn't do the right way the first time. That also may implicate whether we want there to be any other proceedings in the district court, because if they are doing that, you can imagine we would have something to say as to whether that's a real event or not.

I need a little clarification from the government on what it means by obeying the injunction and restoring the status quo, and whether or not that is what their true intent is, because that also implicates the last part of your order, which I know it's not your issue, but you want to hear about it, which is what are we going to do on the appeal. Is it going to be expedited? Are we going to do what? Are we joining with the other cases?

That we can work out with them. We started to have that conversation. It depends a little bit about my other two pieces.

THE COURT: That's helpful. Let's stick with the definition of abeyance question for a moment, in part because I want to hear from the government. My initial reaction is I take the government at its words when it says it will obey the injunction first.

Two, it doesn't seem to me that complicated to hold certain deadlines in abeyance if that's the way we go. There is the moving to judgment option as well, while also making clear that compliance with the injunction is required and if

there is any issue of compliance, that could still be litigated pending the appeal, so I think that could probably be satisfied.

Again, just to be frank with everybody, I'm reticent to get into compliance issues before compliance issues arise. And that might be frustrating to some, but it's just the nature of how courts operate.

And so I'm happy to kind of hear more about that. Obviously, part of the reason of this, as I said, this period is to give an opportunity to air out these sorts of issues. It's a completely appropriate thing to raise. I'll hear the government out on that.

But just sticking for a moment with the abeyance question, I'm going to ask the government this for obvious reasons, but what's your understanding coming out of the conversation with the government on the definition of abeyance? Have you guys reached a meeting of the minds on that?

MR. LOWELL: Prior to my remembering that there is the possibility, as I said, to reserve the ability to amend, we understood abeyance meant there would not be us seeking discovery in this interim while the case is on appeal, and that we would not be seeking at this point moving ahead to final judgment and a motion for summary judgment. That's what it meant to us.

THE COURT: Let me hear from the government then on

those questions.  Let's start with what happens before this Court as it relates to holding deadlines in abeyance and what you understand to be the agreement.  It sounds like there might be some question for the plaintiff on amendment.

MR. KAMBLI:  Amendment was not part of our conversation, but, yeah, the intent is to pause all deadlines, including motions for summary judgment.

We are seeking expedited briefing on the appeal, so I think that will answer the merits, so we just wanted to avoid duplicative briefing if the DC Circuit is going to decide it soon enough.

THE COURT:  The duplicative briefing point is that it would be duplicative to brief it to the circuit but then also have briefing pending on the merits here?  I think I understand that point.

Well, and then maybe I can turn quickly at least to the compliance with the injunction.  Tell me the government's position with that.

MR. KAMBLI:  We intend to follow the Court's order. We're going to -- the plan is to restore the status quo, unless the agencies have an independent reason, another Presidential Memorandum to do something, which I can't foreclose, throughout the pendency of the appeal, but barring that, the intent is to restore the status quo and his clearance prior to the Presidential Memorandum.

THE COURT:  One of my goals in having the period right now to talk about what compliance looks like -- and I'm not hearing from you all that you're going to turn this into emergency posture where you come to me at the last second and say, "I want a stay of your injunction," and go all the way up and do that.

MR. KAMBLI:  Yeah, we're not seeking a stay.

THE COURT:  I just wanted to make sure.  That would be kind of inconsistent with the process, how it's unfolded.

How do you propose -- now that you have heard plaintiff's wrinkle about amendment, maybe you haven't had time to think about it, how would that fit into what you have come up with?

MR. KAMBLI:  Yes, Your Honor.  We would have to put a little more thought into that.  We don't have any issue with them amending their complaint and then just holding any deadlines in abeyance in response to that while the appeal is pending.

Given the expedited nature of the briefing, before anything serious is due, we might be able to get a decision from the DC Circuit anyway.

THE COURT:  Okay.  When you reference, as it relates to the injunction, anything independent -- obviously, my injunction recognized that it is specific to the types of claims that were found to likely succeed, at least by me, and

that it's not enjoining an independent basis.  Are you referring to an existing independent basis for these or a future process?

MR. KAMBLI:  Your Honor, I'm not aware of any immediate plans one way or the other, but I don't want to foreclose that process.

THE COURT:  I just want to make sure there's not something you have in mind that you could offer me now that would be useful.

MR. KAMBLI:  There is nothing I can offer now.

THE COURT:  Let me hear from Mr. Lowell then.  It sounds like the only wrinkle left, unless I'm mistaken, I guess there is two for me, one for you, I suppose.

The two for me are amendment and how that impacts holding the case in abeyance and what deadlines, and whether to proceed on the merits.  It sounds like you all are fine not proceeding on the merits.  I want to think about that a little bit, but I did want to give you all notice of that, that I am thinking about that, today.

Let me hear what you propose on the amendment question.

MR. LOWELL:  On the proposal that I just heard, even if we were to amend, then I don't have an issue and a problem with they not having to respond, either by a motion or response.  We can hold that, quote, "in abeyance," so that's

how one would resolve that.  Again, if that was a problem, we could bring the Privacy Act, I suppose, as a standalone case, but then it might likely be consolidated maybe.

Anyway, I think the easiest thing is if we decide that we are going to amend, what I understand the government saying is they don't have a problem with that as long as they don't have to respond, that's part of the abeyance, and that would be fine with us.

As to the judgment issue, if the Court is going to think about it, that's fine.  I understand the problem of these being legal issues that are simultaneously being litigated before you and before the panel of the Court of Appeals. Because that is mostly a legal issue, that makes some sense perhaps that we don't go to judgment, but if the Court prefers otherwise, we're prepared to respond on whatever schedule you put before us for that, partially because, again, it's the same issue, so we know how to litigate that.  I think it's up to you at this point on that one.

And then I have a third point when you're there.

THE COURT:  All right.  I want to hear your third point, but on the amendment question, how long do you need to move to amend?

MR. LOWELL:  I think we would decide that in the next two weeks.

THE COURT:  Okay.  All right.  Is the government fine

with giving them two weeks to file their motion for leave to amend?  You all can tell me then whether you oppose leave. That piece wouldn't be stayed, but we would be doing this on the understanding, at least as it relates to amendment of the complaint, that you wouldn't be filing a responsive pleading after that.

MR. KAMBLI:  No objection to that.

MR. LOWELL:  That works with, again, that one asterisk.  The asterisk is that phrase that you inquired of the government counsel about that I noted too, which is unless the agencies have some independent reason in order to be in compliance, I guess that's in the compliance mode in which we have the ability to come before the Court again should there be a glitch in "I'm going to comply with the injunction."  I just don't know what that means.

And so I'm going to just take that as we can't bind any of these agencies, but you asked the right question, which I was going to ask, which is, if that's the case, is it based on something that was in existence as we have been dealing with this for the last X months, or is it something new, which makes no sense given that Mr. Zaid has not been operating.  I just don't know what that means.  And maybe I'm just being overly cautious.

THE COURT:  I understand why you would be cautious for your client.  I heard government counsel tell me he's got no

basis to think right now that there is an independent basis for doing so or plan to do that.  I take his word as a representation made to me in court.

I think what you do have is a case that was founded on flawed process, right, and the injunction therefore explicitly tailored to flawed process and necessarily needing to acknowledge the possibility of a non-flawed process that's run.

In other words, I think what you complained of was, to put it simply, not having an individualized assessment, and so the injunction is limited to that and it's not going to stop the government from running national security the way that is lawful and constitutional to do so, right.  And it's obviously a sensitive area.

I take counsel just to be using the language that is in the injunction.  Is that accurate, Counsel?

MR. KAMBLI:  Yes, Your Honor.  We're just leaving open the possibility that if they do do that, that's allowed by the injunction.

THE COURT:  With no current plan that you're aware of to do so?

MR. KAMBLI:  I don't have any personal knowledge of that.

MR. LOWELL:  This is a little cart-and-horse situation, so I'll leave the cart behind the horse for the moment and we'll see where that goes.

THE COURT:  I understand the interest for both parties to proceed cautiously here and make sure you're preserving the arguments you have to preserve, but I think you're going to have to wait for an issue like that to be presented before you can present it to me and before I can do anything with it.

MR. LOWELL:  That makes sense.  So we are committed to making that decision and act or not act, and let the Court and counsel know in two weeks or fewer days about the issue of amendment.

We understand that that would still allow them not to have to respond in any fashion, answer or motion to dismiss.

We understand that they are moving to appeal.

We understand they are not moving to stay in front of you or in front of the Court of Appeals.

And then the Court will decide if it wants a schedule for any other pleading, which we will conform with.

Does that sort of summarize correctly, I hope?

THE COURT:  You were speaking pretty quickly there. I'm going to let my words speak for what I have said, and I don't think I need to go with your summary.  I don't think I need to adopt your summary.

I feel like we have reached a point right now -- this was a pretty efficient hearing.  I said it was famous last words at the outset, but actually not last words at all.

Is there anything else for me to address today?

MR. KAMBLI:  No, Your Honor, other than, you said in the order that the parties may want to discuss scheduling for the briefing.  We have complied with that as well.

THE COURT:  Do you have a proposal?  You guys are still talking about that?

MR. LOWELL:  Yes.

THE COURT:  You guys can propose that to the Court of Appeals, and it will be up to them what sort of schedule they proceed on.

MR. LOWELL:  Would you give me a moment to consult with client and co-counsel before I say if we have any other issue?

THE COURT:  Sure.

MR. LOWELL:  It will take 30 seconds.

(Pause)

MR. LOWELL:  Took less than 30 seconds.  We're done. I don't have any other issues to raise with the Court.

THE COURT:  Thanks, Mr. Lowell.

Anything else from the government?

MR. KAMBLI:  No, Your Honor.

THE COURT:  Let me take these submissions under advisement.  I appreciate the time put into the status reports and into your conferencing with one other and into this hearing.  I'll issue an order with how we'll proceed in the case.

We can adjourn.

(Proceedings concluded at 4:22 p.m.)


CERTIFICATE

I, Sonja L. Reeves, Federal Official Court Reporter in and for the United States District Court of the District of Columbia, do hereby certify that the foregoing transcript is a true and accurate transcript from the original stenographic record in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 9th day of January, 2026.


/s/ Sonja L. Reeves
SONJA L. REEVES, RDR-CRR
FEDERAL OFFICIAL COURT REPORTER